UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Marilyn Amodeo,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Auto-Owners Insurance Company, a Michigan corporation,<br><br>　　　　Defendant. | Case No. 3:23-cv-50363<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marilyn Amodeo brings this diversity action under Illinois law alleging a breach of an insurance contract by her insurance company's failure to agree to arbitrate her claim. Before the Court is Auto-Owners Insurance Company's motion to dismiss her complaint. For the following reasons, the motion is granted.

**I. Background**

In August of 2019, Amodeo was involved in a car wreck. Dkt. 1 ¶ 5. An insurance policy issued to her by Auto-Owners—containing underinsured motorist (UIM) coverage—was effective at the time of the collision. *Id.* Ex. C at 15. Although she received a settlement from the other driver's insurance, she says that she incurred medical bills exceeding the amount of his policy's coverage. *Id.* ¶¶ 5, 7-11. She later submitted a demand against Auto-Owners under the UIM policy, which was denied. *Id.* ¶¶ 12-13. After the denial, she further demanded that the claim be submitted to arbitration under the terms of the UIM policy, which was likewise refused. *Id.* ¶¶ 14-15. This action followed, seeking damages for breach of contract

1

and tortious bad faith, and further that arbitration of the dispute be compelled. *Id.* ¶¶ 16-25.

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b) challenges the sufficiency of the plaintiff's complaint. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). Under Rule 8, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be plausible, the plaintiff's factual allegations—as opposed to any legal conclusions—must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all the plaintiff's well-pleaded factual allegations and views them—and all reasonable inferences—in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

## III. Analysis

All of Amodeo's claims are premised on the notion that the insurance company has a duty to submit disputes under the UIM policy to arbitration, as she concedes. Dkt. 16 at 1. Despite the generally plaintiff-friendly posture of a motion to dismiss, a court is not required to "ignore facts alleged in the complaint that

undermine the plaintiff's claim." *Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001).

Attached to the complaint is a copy of the Auto-Owners policy held by Amodeo, which unambiguously establishes that in the event of a dispute over the fact or extent of liability under the UIM policy, the matter "*may* be arbitrated provided *both* we and the injured person *agree* to arbitration." Dkt. 1 Ex. C at 42 (emphasis added). This is unlike the uninsured motorist policy, which provides that in the event of a dispute, "the matter *shall* be submitted for arbitration." *Id.* at 46 (emphasis added).

"If the words in the [insurance] policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written." *Crum & Forster Managers Corp. v. Resol. Tr. Corp.*, 156 Ill. 2d 384, 391 (1993). This language clearly does not require the arbitration of UIM disputes. *E.g.*, *Schuster v. Owners Ins. Co.*, 673 F. Supp. 3d 960, 966 (S.D. Ill. 2023) (finding that identical policy language gave rise to no such obligation). And without a contractual duty to submit such a dispute to arbitration, Amodeo's complaint fails to state a claim. *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007) (describing how, under Illinois law, "[o]nly a duty imposed by the terms of a contract can give rise to a breach.").

Amodeo's only other argument is that regardless of the language of the insurance contract, the "public policy of Illinois" demands that UIM claims must be arbitrated, Dkt. 16 at 2, as is true of uninsured motorist claims. This proposition,

however, has been explicitly rejected by the Illinois Supreme Court. *Phoenix Ins. Co. v. Rosen*, 242 Ill. 2d 48, 58-59 (2011) (recognizing that, although the uninsured- and underinsured-motorist statutes serve the same public policy, "relevant differences exist between the statutory mandates," including that "the underinsured-motorist statute has never required arbitration of any kind.").

## IV. Conclusion

For the foregoing reasons, Auto-Owner's motion to dismiss is granted with prejudice.

Date: April 4, 2024

_____
Honorable Iain D. Johnston
United States District Judge